UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH E. W. BRONAUGH, III, | : | |
| Petitioner, | : | Civil Action No. 20-2717 (MAS) |
| v. | : | **MEMORANDUM ORDER** |
| CHARLES ELLIS, *et al.*, | : | |
| Respondents. | : | |

Petitioner Joseph Bronaugh, III, a pre-trial detainee confined at Mercer County Correctional Center in Lambertville, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Pet., ECF No. 1.) Petitioner also filed an application for leave to proceed *in forma pauperis*. (*In Forma Pauperis* Application, ECF No. 7.)[1] As an initial matter, leave to proceed in this Court without prepayment of fees is authorized. *See* 28 U.S.C. § 1915. The Petition itself, however, suffers from two defects. First, the Petition does not conform to the Local Civil Rules. Specifically, Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a).

Here, Petitioner did not use the habeas form supplied by the Clerk for § 2254 petitions, *i.e.*, AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014), and therefore also did not sign the portion

---

[1] This case was initially administratively terminated because Petitioner did not pay the filing fee or submit a completed *in forma pauperis* application. (Mem. Order, Apr. 21, 2020.) Petitioner thereafter submitted the instant completed in forma pauperis application. (*See generally In Forma Pauperis* Application.)

of the form containing the required notice pursuant to *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000).

Second, even if the Petition were on the correct form, Petitioner does not satisfy the "in custody" requirement of § 2254. Section 2254(a) provides:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added).

Petitioner is a pre-trial detainee. "Therefore, he is not in custody pursuant to the judgment of a State court and § 2254 is inapplicable to him." *Sanches v. Attorney Gen. of the State of New Jersey*, No. 19-18730, 2019 WL 5396777, at *1 (D.N.J. Oct. 22, 2019); *see also Smith v. Pennsylvania State Attorney Gen.*, No. 11-1813, 2011 WL 6012976, at *1 (M.D. Pa. Nov. 3, 2011) (holding that petitioner, as a pretrial detainee, was not in custody pursuant to a state court judgment and could not proceed under § 2254), *report and recommendation adopted*, 2011 WL 6012933 (M.D. Pa. Dec. 1, 2011); *Martin v. Diguglielmo*, 644 F. Supp. 2d 612, 621 (W.D. Pa. 2008) ("a state pretrial detainee is not in custody pursuant to a state court *judgment*" (emphasis in original) (internal quotation marks omitted) (quoting *Johnson v. Chatham Cnty. Detention Ctr.*, No. 406-196, 2006 WL 3408215, at *1 (S.D. Ga. Nov. 27, 2006))).

When a petitioner seeks pre-trial relief however, federal courts may, under limited circumstances, have jurisdiction under 28 U.S.C. § 2241. *See Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) ("[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who is in custody in violation of the Constitution or laws or treaties of the United States."). This jurisdiction "must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial

habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran*, 393 F. App'x at 4 (quoting *Moore*, 515 F.3d at 445–46).  Accordingly, the Third Circuit has held that jurisdiction without exhaustion of state court remedies should not be exercised at the pre-trial stage unless extraordinary circumstances are present.  *See id.*

Since Petitioner here is a pre-trial detainee seeking pre-trial relief, the Court will construe his Petition as an attempt to raise a § 2241 action.  Section 2241 habeas petitions are still subject to the Local Civil Rules however, and as explained above, the instant Petition does not comply with Local Civil Rule 81.2.  *See* L. Civ. R. 81.2.  Therefore, at this time, the Court will administratively terminate this case and direct the Clerk of the Court to send Petitioner the proper form for a § 2241 petition.  If Petitioner wishes to reopen this action, he shall complete the form supplied by the Clerk's Office within thirty (30) days of the date of this Memorandum Order.

**IT IS THEREFORE**, on this 26th day of February 2021,

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the motion; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs …."); 

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank § 2241 form, AO 242 (12/11);

3

**ORDERED** that the Clerk's service of the blank § 2241 form shall not be construed as this Court's finding that the Petition is or is not timely, or that Petitioner's claims are or are not procedurally defaulted;

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court within thirty (30) days of the date of entry of this Memorandum Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form;

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and a complete, signed petition, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Order upon Petitioner by regular U.S. mail.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**