**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH E. W. BRONAUGH, III,<br><br>       Petitioner,<br><br>     v.<br><br>CHARLES ELLIS, et al.,<br><br>       Respondents. | Civil Action No. 20-2717 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on Petitioner Joseph E. W. Bronaugh's amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 14), which seeks to challenge his ongoing state court criminal proceedings. As Petitioner has previously been granted *in forma pauperis* status (*see* ECF No. 13), this Court is therefore required to screen Petitioner's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition without prejudice and deny Petitioner a certificate of appealability.

I.  **BACKGROUND**

In March 2020, Petitioner filed a habeas petition through which he sought to challenge his ongoing state court criminal proceedings, including his being subjected to pretrial detention while he awaits trial. (ECF No. 1.) In February 2021, this Court administratively terminated that petition, noting that Petitioner's habeas petition was both filed using an improper form and appeared to seek to improperly have this Court interfere in ongoing state court criminal proceedings. (*See* ECF No. 13.)

Petitioner thereafter filed his current amended petition. (ECF No. 14.) In his refiled Petition, Petitioner once again seeks to challenge various rulings made by state court judges in his ongoing state court criminal prosecution. (*Id.*) Specifically, Petitioner contends that he is "detained [and] subjected to prosecution solely on the basis" of allegedly fabricated evidence, that he was improperly denied an opportunity to "present a defense against the false evidence" during state hearings as to his pre-trial detention, and that his criminal indictment was improperly "procured on the basis of perjury [and] omissions." (*Id.* at 8-10.) According to Petitioner's habeas petition, he did file an appeal as to his denial of bail, but his appeal was denied and in any event did not contain his current claims as his initial defense counsel refused to raise his claims. (*Id.* at 4-5. Petitioner also states that he did not seek review before the state supreme court. (*Id.* at 5-6.) Petitioner also apparently filed an appeal from a denial of a motion seeking to reopen detention proceedings, but he was denied leave to file an appeal by the Appellate Division of the New Jersey Superior Court. (*Id.* at 9.)

II. **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody"

2

and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### III. DISCUSSION

In this matter, Petitioner seeks to use his amended habeas petition to relitigate his bail proceedings and challenge his state court indictment in this Court without first completing his state court criminal proceedings. Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit has therefore held that while federal courts may have jurisdiction to hear habeas challenges brought by state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." *Moore*, 515 F.2d at 443. In the absence of extraordinary circumstances, which do not include the premature litigation of defenses in federal court prior to a state court criminal trial, "the district court should

3

exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.* A petitioner's claim will not be considered exhausted where it was presented only "in a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

In this matter, Petitioner seeks to prematurely litigate his criminal defenses in this Court before concluding his criminal proceedings before the state courts by attacking both his pretrial detention and indictment, arguing that the evidence against him has been fabricated. Petitioner has not presented his claims to the highest state court – he neither filed a petition for review in his first interlocutory bail appeal, nor was he granted leave to file an appeal in his attempt at a second interlocutory appeal. Petitioner has likewise not shown any extraordinary circumstances warranting the hearing of this matter before state court proceedings have concluded. Petitioner is free to present his fabricated evidence claims and arguments during his criminal trial and any appeal that may follow should he be convicted, but this Court cannot exercise pretrial habeas jurisdiction under these circumstances. *Duran*, 393 F. App'x at 4-5. To the extent Petitioner seeks to challenge his pretrial detention, which amounts to the equivalent of a bail challenge, this Court must decline jurisdiction to hear that challenge as Petitioner has neither fully exhausted his bail claim nor shown extraordinary circumstances requiring the exercise of pretrial habeas jurisdiction. *See, e.g., Id.* (affirming the dismissal of a petition raising claims including challenges to excessive bail and the legality of pretrial state detention); *see also Wiggins v. Ellis*, No. 10-1243, 2010 WL 3909873, at *3 (D.N.J. Oct. 1, 2010) (noting that it is not clear that a bail challenge is cognizable through a habeas petition, but that it is clear that a district court must not hear such a challenge absent exhaustion or truly exceptional circumstances). Petitioner's amended petition must therefore be dismissed without prejudice.

## IV. CERTIFICATE OF APPEALABILITY

Because Petitioner's habeas challenges his detention which "arises out of process issued by a State court," he may not appeal the dismissal of his habeas petition unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008). In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition for failure to exhaust or show exceptional circumstances, Petitioner's petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

## V.  CONCLUSION

For the reasons expressed above, Petitioner's amended habeas petition (ECF No. 14) is **DISMISSED WITHOUT PREJUDICE**, and Petitioner is **DENIED** a certificate of appealability. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE